IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LEE CHARLES MILLSAP, JR.,
ADC # 113121                                                                    PETITIONER

v.                                        Case No. 5:01-cv-00114-KGB

DEXTER PAYNE, Director,
Arkansas Division of Corrections[1]                                     RESPONDENT

## ORDER

Before the Court are petitioner Lee Charles Millsap, Jr.'s application to proceed *in forma pauperis* and motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b) (Dkt. Nos. 16; 17).  For the following reasons, the Court denies as moot Mr. Millsap's application to proceed *in forma pauperis* and denies his motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b) (*Id.*).

### I.        Application To Proceed *In Forma Pauperis*

Before the Court is Mr. Millsap's application to proceed *in forma pauperis* (Dkt. No. 16). The Court previously granted Mr. Millsap leave to proceed *in forma pauperis* in this case (Dkt. No. 4).   Accordingly, the Court denies as moot Mr. Millsap's second application (Dkt. No. 16).

### II.      Procedural Background

In 1998, Mr. Millsap pled guilty to capital murder, terroristic threatening in the first degree, and battery in the second degree in Pulaski County, Arkansas, Circuit Court.   *Millsap v. State*, Case No. CR 99-437, 2000 WL 1368040, at *1 (Ark. Sept. 21, 2000).  The Circuit Court sentenced Mr. Millsap to life imprisonment without the possibility of parole and two six year terms to run concurrent with his life sentence.  *Id.*  Mr. Millsap filed a petition under Rule 37 of the Arkansas

---

[1]  The Clerk of the Court is instructed to correct the docket to reflect that Dexter Payne is the Director of the Arkansas Division of Corrections.

Rules of Criminal Procedure with the Pulaski County Circuit Court challenging his confession, his competence to plead guilty, the state's forensic psychological evaluation, and his trial counsel's performance (Dkt. No. 8, at 1). The Circuit Court held a hearing but denied the Rule 37 petition (*Id.*, at 2). The Arkansas Supreme Court affirmed. *See Millsap*, 2000 WL 1368040, at *3.

On April 10, 2001, Mr. Millsap filed a petition for writ of *habeas corpus* in this Court pursuant to 28 U.S.C. § 2254 raising three grounds for relief: (1) his Sixth Amendment right against self-incrimination was violated; (2) his guilty plea was the result of prosecutorial misconduct; and (3) he was not mentally competent to plead guilty (Dkt. No. 2). On June 20, 2001, United States Magistrate Judge John F. Forster issued Proposed Findings and Recommendation finding that Mr. Millsap's claims should be denied as non-jurisdictional and recommending that Mr. Millsap's petition be dismissed with prejudice (Dkt. No. 8). Mr. Millsap objected to the Proposed Findings and Recommendation (Dkt. No. 9). On August 31, 2001, Judge George Howard, Jr. entered an Order adopting Judge Forster's Proposed Findings and Recommendation and dismissing Mr. Millsap's petition for writ of *habeas corpus*. Mr. Millsap did not appeal.

On January 10, 2022, Mr. Millsap filed a motion for relief from judgment or order pursuant to every subsection of Federal Rule of Civil Procedure 60(b). In the motion, Mr. Millsap asserts that he filed a *pro se* petition for writ of *habeas corpus* in the Lincoln County, Arkansas, Circuit Court, which was denied and dismissed, and the denial was affirmed by the Arkansas Supreme Court (Dkt. No. 17, at 1). *See Millsap v. Payne*, 611 S.W. 3d 479 (Ark. 2020). In his Rule 60(b) motion Mr. Millsap asserts that the trial court denied him due process, equal protection, and a fundamentally fair trial when it "failed to conduct a hearing to determine if Petitioner'[s] record is not sufficient to determine six[th] amendment speedy trial claim." (Dkt. No. 17, at 3).

Additionally, Mr. Millsap claims he was denied constitutionally effective assistance of counsel because no attorney would have advised him to enter a guilty plea when a motion to dismiss would have discharged him from custody (Dkt. No. 17, at 4).

### III.   Timeliness

Federal Rule of Civil Procedure 60(c) provides that a "motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  The reference to "reasons (1), (2), and (3)" refers to language in Rule 60(b) that permits a motion to be filed due to:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party. . . ."  Fed. R. Civ. P. 60(b).  Alternatively, if a Rule 60(b) motion is construed as filed under Rule 60(b) for the reasons set out in (4), (5), or (6) of the Rule, the motion must be made within a reasonable time.  Fed. R. Civ. P. 60(c)(1).

Here, Mr. Millsap characterizes his motion as filed under all of the subdivisions of Rule 60(b), but he does not specifically allege mistake, inadvertence, surprise, excusable neglect, newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b), or fraud, misrepresentation, or misconduct by an opposing party in order for the reasons set out in subsections (1), (2), or (3) of Rule 60(b) to apply.  Mr. Millsap also does not assert that the judgment is void or that the judgment has been satisfied, released, or discharged or is based on an earlier judgment that has been reversed or vacated or applying it prospectively is no longer equitable in order for the reasons set out in subsections (4)

3

or (5) of Rule 60(b) to apply.  Accordingly, the Court understands Mr. Millsap to assert "any other reason that justifies relief" as the basis of his motion.  Fed. R. Civ. P. 60(b)(6).

"What constitutes a reasonable time is dependent on the particular facts of the case in question and is reviewed for abuse of discretion." *Middleton v. McDonald*, 388 F.3d 614, 617 (8th Cir. 2004) (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999), *cert. denied*, 528 U.S. 298 (1999)).  Mr. Millsap's conviction became final over 23 years ago (Dkt. No. 17, at 2).  Judge Howard dismissed Mr. Millsap's initial *habeas corpus* petition and denied him relief on August 31, 2001 (Dkt. No. 10, at 1).  Mr. Millsap gives no explanation for why he delayed more than 20 years before seeking relief under Rule 60(b).  The Court concludes that Mr. Millsap's motion is untimely.

### IV.    Second Or Successive Petition

Even if the Court were to find Mr. Millsap's Rule 60(b) motion timely, the Court must analyze whether Mr. Millsap's Rule 60(b) motion is a second or successive § 2254 petition requiring authorization from the Eighth Circuit.  28 U.S.C. § 2254; 28 U.S.C. § 2244(b)(3)(A). Mr. Millsap's motion must be treated as a second or successive *habeas* petition if it advances a claim for relief.  *Gonzalez v. Crosby,* 545 U.S. 524, 530-32 (2005).  A motion raises a "claim" when it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of the claim *on the merits.*"  *Id.* at 532 (emphasis in original).  A motion, however, is properly brought under Rule 60 when it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."  *Id.* (footnote omitted).

Mr. Millsap does not attack this Court's prior resolution of his claim; instead, he raises two new claims in his Rule 60(b) motion.  Mr. Millsap raises a new claim that he was denied due

process equal protection and denied a fundamentally fair trial when the trial court failed to conduct a hearing to determine if the record was sufficient to support his Sixth Amendment speedy trial claim (Dkt. No. 17, at 3).  Additionally, Mr. Millsap raises a new claim of ineffective assistance of counsel (Dkt. No. 17, at 4).  Because Mr. Millsap brings new claims in his Rule 60(b) motion, the Rule 60(b) motion is denied as an unauthorized second or successive *habeas corpus* petition that was filed without authorization from the Eighth Circuit Court of Appeals.  *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009).

## V.    Conclusion

For the foregoing reasons, the Court denies as moot Mr. Millsap's second application to proceed *in forma pauperis* (Dkt. No. 16).  The Court denies Mr. Millsap's motion for relief from judgment or order (Dkt. No. 17).

It is so ordered this 6th day of September, 2022.

Kristine G. Baker
United States District Judge

5